JOHN GANLEY, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Negligence. Question of fact.*—The question whether the plaintiff was thrown off by the sudden starting of a street car before it stopped, or jumped off between the tracks, is, on conflicting evidence, one for the jury, and the court will not, in such case, interfere with a verdict for the plaintiff.

Appeal from judgment in favor of plaintiff, entered on verdict of a jury.

Action for injuries sustained by plaintiff while a passenger on one of the defendant's horse cars.

*Morris & Whitehouse,* for appellant.

*F. J. Moissen,* for respondent.

BARNARD, P. J.—The evidence is more than usually conflicting. The plaintiff testifies that he told the defendant's conductor to let him out of the car at Brockway avenue. The conductor passed the lower crossing, and the car was slackening its speed but had not stopped. The plaintiff got to the edge of the platform and had his foot raised so as to

step down when it was safe to do so, when the car suddenly started ahead and threw the plaintiff, who was a feeble old man, into the street. The plaintiff is the only witness called in his own behalf. The defendant produced the conductor and driver of the car, four passengers and a few who stood on the sidewalk at the time of the accident, who all testify that the plaintiff got off while the car was in motion and after he was told to wait until the car stopped. There are only two test points of difference, as all admit the plaintiff either got off or was thrown off before the car stopped. The plaintiff says he had no notice to wait until the car stopped, but he was waiting until the car fully stopped when he was thrown off. The question of fact is therefore reduced to one, did the car suddenly start just before it came to a full stop, for the whole action rests on this. The plaintiff testifies positively to the sudden start forward and that it threw him off. The car did not in fact stop till it reached the upper crossing, or a few feet above the upper crossing, and the witnesses say that the plaintiff jumped off between the tracks. The order to the plaintiff to wait for a full stop is of no weight if the car suddenly started before it did stop, causing the accident. The witnesses for the defense are not entirely harmonious as to the facts surrounding the fall, and the plaintiff's narrative best agrees with the admitted facts in the case. The plaintiff would not voluntarily jump off between the tracks and while the car was slackening its speed, so as to stop in a few feet of the crossing. The jury have found in his favor, and an appellate court should not under the case as related interfere with the verdict.

The judgment should therefore be affirmed, with costs.

PRATT and DYKMAN, JJ., concur.